**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:     **JENNIFER RENEE BALLARD**   :     **Chapter 13**
                                        :
           **Debtor**                   :     **Bky. No.  19-12958 ELF**

# O R D E R

    **AND NOW**, upon consideration of the letter received from the Debtor on **June 17, 2019**,

which shall be treated as a motion, and which requests that the court vacate the order dated **May**

**24, 2019**, which dismissed this bankruptcy case;

    It is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1]    This bankruptcy case was dismissed because, after filing her initial bankruptcy petition, the Debtor failed file virtually all of the numerous documents required to be filed in a chapter 13 bankruptcy case.

    I am denying the motion, primarily for two (2) reasons.

    First, the Debtor provided no explanation for the delay of more than 3 weeks after the dismissal of the case.  Generally speaking, motions to reconsider court orders should be filed within 14 days of the entry of the order.  Compare Fed. R. Bankr. P. 9023 with Fed. R. Bankr. P. 9024.

    Second, while I do not have complete information, it appears likely that the Debtor was ineligible to file her bankruptcy petition.  In Part 5 of the petition, the Debtor stated that she received the required credit counseling briefing, but did not yet have her certificate of completion.  The petition instructs that the certificate of completion be filed within 14 days.  The Debtor failed to do so.  This raises a question whether, in fact, the Debtor completed the credit counseling requirement **before** filing her bankruptcy petition, as required by the Bankruptcy Code, 11 U.S.C. §109(h).

    Finally, I point out 2 things for the Debtor's benefit.

    First, the dismissal was without prejudice.  The Debtor may refile another bankruptcy petition if she believes that to be in her best interests – although there are some consequences to the dismissal of an earlier case, see, e.g., 11 U.S.C. §362(c)(3).

    Second, most debtors are best served by obtaining an attorney to represent them in a chapter 13 bankruptcy case.  Many attorneys structure their fee schedules to make it affordable for a client to file a chapter 13 case.

**Date: June 21, 2019**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

cc:     Jennifer Renee Ballard
        3012 N. Ringgold St.
        Philadelphia, PA 19132