United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Jennifer Renee Ballard  
    Debtor

Case No. 19-12958-elf  
Chapter 13

## CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 0313-2 | User: Virginia | Page 1 of 1 | Date Rcvd: Jun 21, 2019 |
| | Form ID: pdf900 | Total Noticed: 10 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 23, 2019.
```
db             +Jennifer Renee Ballard,    3012 N. Ringgold St.,    Philadelphia, PA 19132-1328
14325100       +Bayview Loan Servicing, LLC,,   c/o Rebecca A Solarz, Esquire,    KML Law Group, P.C.,
                701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 22 2019 02:37:17     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 22 2019 02:36:46
                Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 22 2019 02:37:04     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 22 2019 02:43:13
                Capital One Auto Finance, a division of Capital On,   4515 N Santa Fe Ave. Dept. APS,
                Oklahoma City, OK 73118-7901
cr             +E-mail/PDF: gecsedi@recoverycorp.com Jun 22 2019 02:43:00     Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
14323769       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 22 2019 02:43:07
                Attn:  Capital One Auto Finance,,   a division of Capital One, N.A. Dept,
                AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,   Oklahoma City, OK 73118-7901
14323718       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 22 2019 02:43:00
                Capital One Auto Finance, a division of,   AIS Portfolio Services, LP,
                4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
14321800       +E-mail/PDF: gecsedi@recoverycorp.com Jun 22 2019 02:43:00     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 21, 2019 at the address(es) listed below:
```
              REBECCA ANN SOLARZ    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                             TOTAL: 3
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  **JENNIFER RENEE BALLARD**  :  Chapter 13
:
**Debtor**  :  Bky. No. 19-12958 ELF

# O R D E R

**AND NOW**, upon consideration of the letter received from the Debtor on **June 17, 2019**, which shall be treated as a motion, and which requests that the court vacate the order dated **May 24, 2019**, which dismissed this bankruptcy case;

It is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1] This bankruptcy case was dismissed because, after filing her initial bankruptcy petition, the Debtor failed file virtually all of the numerous documents required to be filed in a chapter 13 bankruptcy case.

I am denying the motion, primarily for two (2) reasons.

First, the Debtor provided no explanation for the delay of more than 3 weeks after the dismissal of the case. Generally speaking, motions to reconsider court orders should be filed within 14 days of the entry of the order. Compare Fed. R. Bankr. P. 9023 with Fed. R. Bankr. P. 9024.

Second, while I do not have complete information, it appears likely that the Debtor was ineligible to file her bankruptcy petition. In Part 5 of the petition, the Debtor stated that she received the required credit counseling briefing, but did not yet have her certificate of completion. The petition instructs that the certificate of completion be filed within 14 days. The Debtor failed to do so. This raises a question whether, in fact, the Debtor completed the credit counseling requirement **before** filing her bankruptcy petition, as required by the Bankruptcy Code, 11 U.S.C. §109(h).

Finally, I point out 2 things for the Debtor's benefit.

First, the dismissal was without prejudice. The Debtor may refile another bankruptcy petition if she believes that to be in her best interests – although there are some consequences to the dismissal of an earlier case, see, e.g., 11 U.S.C. §362(c)(3).

Second, most debtors are best served by obtaining an attorney to represent them in a chapter 13 bankruptcy case. Many attorneys structure their fee schedules to make it affordable for a client to file a chapter 13 case.

-1-

**Date: June 21, 2019**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

cc:   Jennifer Renee Ballard
      3012 N. Ringgold St.
      Philadelphia, PA 19132